UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DENIS L. CANTY,

      Plaintiff,

                            Case No. 2:15-cv-2221
    v.                     CHIEF JUDGE EDMUND A. SARGUS, JR.
                            Magistrate Judge Terence P. Kemp

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

## OPINION AND ORDER

    This matter is before the Court for consideration of Plaintiff Denis L. Canty's Objections (ECF No. 24) to the Magistrate Judge's May 9, 2016 Report and Recommendation (ECF No. 23). For the reasons that follow, the Court **SUSTAINS** Plaintiff's Objections and **REMANDS** the case to the Commissioner of Social Security.

## I.

    Plaintiff, Denis L. Canty ("Canty") filed an application with the Commissioner of Social Security ("Commissioner") for Disability Insurance Benefits and Supplemental Security Income ("SSI") on August 8, 2012, alleging disability since November 4, 2004. Plaintiff is sixty-one years old, has an eleventh-grade education, and has worked in the past as a recycling plant sorter, salvage laborer, dishwasher, and as a volunteer at the YMCA cleaning and taking out trash.

    On February 24, 2014, following a hearing, an Administrative Law Judge ("ALJ") upheld an administrative denial of Canty's claim for Disability Insurance Benefits and SSI. The ALJ concluded that Plaintiff had severe impairments including hypertension, an umbilical hernia, major depressive disorder, personality disorder, and a history of opiod dependence and alcohol

dependence, but that these did not meet or equal a listed impairment (20 C.F.R. pt. 404, subpart P, App. 1). The ALJ found that Plaintiff had the residual functional capacity to perform the exertional requirements of medium work, including his past relevant work as a dishwasher and other medium jobs such as floor waxer, landscaper worker, and industrial cleaner.

The Appeals Council denied review on March 27, 2015. Canty filed his statement of specific errors on October 9, 2015, to which the Commissioner responded on January 11, 2015. On May 9, 2016, the Magistrate Judge recommended an overruling of Canty's statement of specific errors. (ECF No. 23.) Canty filed a timely objection.[1] (ECF No. 24.)

## II.

This Court reviews a final decision by the Commissioner pursuant to 42 U.S.C. § 405(g). In cases where a Magistrate Judge has issued a Report and Recommendation, and a party has properly filed objections to it, the district court conducts a de novo review of those parts of the Report and Recommendation to which the party objects. 28 U.S.C. § 636(b)(1).

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486

---

[1] This Court initially issued an Order (ECF No. 25) adopting the Magistrate Judge's Report and Recommendation believing that no objection had been filed, but it has been since vacated pursuant to Federal Rule of Civil Procedure 60(a) (ECF No. 27). The Report and Recommendation is now considered in light of Canty's objection.

F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

### III.

Canty asserts that the ALJ did not articulate sufficiently specific reasons for giving little weight to the opinions of Dr. Eric Fryxell, Canty's treating physician. Dr. Fryxell began treating Canty on March 9, 2012 at Southeast, Inc. and has since established an ongoing treatment relationship with him, a factor under 20 C.F.R. § 416.927(c).

It is well settled that "the opinions of treating physicians are given substantial, if not controlling, deference." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citing *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984); 20 C.F.R. § 404.1527(d)(2)). The ALJ gives deference to the opinions of a treating source "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a patient's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical filings alone . . ." 20 C.F.R. § 416.927(c)(2); *Blakley*, 581 F.3d at 408. If the treating physician's opinion is "well-supported by medically acceptable

clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record, [the ALJ] will give it controlling weight." 20 C.F.R. § 404.1527(c)(2). An ALJ must provide "good reasons" for deciding how much weight to accord a medical opinion "to ensure adequacy of review and to permit the claimant to understand the disposition of his case." *Friend v. Comm'r of Soc. Sec.*, 375 Fed. App'x 543, 550–51 (6th Cir. 2010). However, "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record; there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that gets the short end of the stick." *Id.* at 552.

The ALJ rejected Dr. Fryxell's conclusion regarding Canty's psychological limitations. Dr. Fryxell had concluded that "[Canty]'s psychosis (auditory and visual hallucinations and paranoia) result in a poor ability to deal with basic work stress, demonstrate reliability to report to work on time, perform work activity without significant absenteeism . . . and work in close proximity to others without causing a distraction . . ." (ALJ Decision at 13, ECF No. 10.) Further, Dr. Fryxell estimated that Canty would likely miss work 2–3 times per week due to his psychological symptoms. (*Id.*) Missing work at this rate would be "work preclusive" and render Canty disabled. (Pl. Assignment of Errors at 13, ECF No. 15 (citing Hearing Testimony at 34, ECF No. 10.))

The ALJ gave two reasons for granting Dr. Fryxell's opinion little weight. The ALJ first concluded that Dr. Fryxell's assessment that Canty would miss work 2–3 times per week due to his psychological symptoms was internally inconsistent with his earlier opinion that Canty's physical conditions would not cause him to miss work. (*Id.*) The Magistrate Judge agreed with Canty that this reasoning was "clearly wrong." (Report & Rec. at 13, ECF No. 23.) "[T]here is

no inconsistency between Dr. Fryxell's two opinions, one of which said that Plaintiff would not miss work for physical reasons, and the other of which said he would do so for psychological reasons." (*Id.*)

Thus, the second, and sole remaining, reason the ALJ discredited Dr. Fryxell's opinion was that it was "unsupported by the totality of the evidentiary record, including progress notes from September 18, 2012, which shows [Canty's] moot had brightened (as evidenced by his smiling and laughing) and notes his feeling of hope while discussing mental health treatment . . ." (*Id.*) The Commission attempted to offer further explanation as to why the ALJ did not rely on Dr. Fryxell's opinion; however, the Magistrate Judge correctly points out such "post hoc rationalization" not expressly relied upon by the ALJ may not be considered by the Court. *See, e.g.*, *Potts v. Astrue*, No. 5:11CV2120, 2012 WL 5878859, at *2 (N.D. Ohio Nov. 21, 2012).

Acknowledging that this was a close issue, the Magistrate Judge recognized that the ALJ's citation to the "totality of the evidence" "comes very close to being the type of vague and indefinite reference which does not satisfy the articulation requirement of the regulation." (Report & Rec. at 13–14, ECF No. 23.) Discarding with the more vague reference, the Magistrate Judge accepts the ALJ's specific citation to the treatment note describing Canty's brightening mood as "not particularly supportive of Dr. Fryxell's conclusion," though remarks that it "would have been better had the ALJ . . . given a more precise explanation of his rationale." (*Id.*)

Canty disagrees that the single treatment note provides substantial evidence contradicting his treating physician's longitudinal mental health treatment record. (Pl. Obj. at 4, ECF No. 24.) In support, Canty provides three other treatment occasions that contradicts the treatment note cited by the ALJ:

> For example, on March 12, 2012, plaintiff reported depression, irritability, mood swings, and thoughts of suicide. He was assigned a GAF score of only 42.[2] On September 28, 2012, just weeks after the note referenced by the ALJ, he was stressed, somewhat depressed, paranoid and hearing voices. By October 2013, plaintiff was stressed, the voices were worse and were telling him to hurt people, he was isolating, paranoid, seeing wings on people, and having homicidal thoughts.

(*Id.* (internal citations omitted)). Canty's arguments are well taken. Here, although the single treatment note regarding Canty's brightening mood may be incompatible with Dr. Fryxell's conclusions as to Canty's psychological limitations, incompatibility is not enough. The "Court cannot uphold an ALJ's decision, even if there is 'enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)). While the Commissioner provided a supplemental explanation for the ALJ's decision to help build a logical bridge between the evidence and the ALJ's conclusions, the Court may only consider those explanations offered by the ALJ. Thus, the only specific basis for the ALJ's dismissal of Dr. Fryxell's opinion ultimately fails to materialize into "substantial evidence" inconsistent with the treating physician's opinion.

This finding obviates the need for further analysis of Canty's remaining assignments of error, and therefore the Court need not resolve the alternative bases that Canty asserts support reversal and remand.

### IV.

Upon *de novo* review, in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), the

---

[2] Global Assessment of Functioning (GAF) assigns a numerical value to a patient's psychological social functioning on a scale of 0 to 100. A score of 42 indicates some "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders DSM-IV-TR* 32 (4th ed. 2000).

Court **SUSTAINS** Plaintiff's Objections (ECF No. 24) to the Report and Recommendation insofar as they relate to inadequate reasons for rejecting the opinion of Canty's treating physician regarding Canty's psychological limitations. The case is hereby **REMANDED** to the Commissioner for further proceedings consistent with this Order.

  **IT IS SO ORDERED.**

10 -14 - 2016
_____  _____
**DATE**             **EDMUND A. SARGUS, JR.**
               **UNITED STATES DISTRICT CHIEF JUDGE**